Lowell *v.* Gage.

38 35'<br>85 485'

## LOWELL *versus* GAGE & *als.*

If a person, not the payee, writes his name without date upon the back of a promissory note, it is presumed to have been done when the note was made.

And *such person* is holden as an original promisor, although over his name was also written " without demand or notice."

ON REPORT from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT by the payee of a promissory note against the defendants as joint and several promisors. The note was signed by Jones, one of the defendants.

On the back were the words "without demand or notice," and the names of the other defendants below.

Jones was defaulted, and the other defendants pleaded the general issue.

The Court were to render such judgment as the law required.

*Lancaster* and *Baker*, for defendants, did not deny the general rule of law in Massachusetts, New Hampshire and Maine, that when a person's name appears on the back of a note, it is presumed to have been put there prior to its

delivery and he is held as an original promisor; but the adjudicated cases might be divided into two classes. One when there is a special promise written over the name on the back, as in 5 Mass. 358 and 545; 6 Mass. 519; 7 Mass. 518; and 9 Mass. 314. In all the other cases the indorsement was in *blank*, and the courts held that the payee had a right to fill this blank with such a contract as was consistent with the general scope of the transaction. Of this class are 3 Mass. 274; 11 Mass. 436; 4 Pick. 311; 3 Met. 275; 5 Met. 201; 13 Met. 262; *Colburn* v. *Averill*, 30 Maine, 310.

Not one of these cases supported the case at bar. There was no special promise written over the names of the defendants; and there was no *blank* indorsement which the plaintiff might fill to support this action.

The words there found are words of *indorsement* and of nothing else. They exclude and negative an original promise. The rule of law already decided obtains nowhere else but in two or three States in New England and ought not to be enlarged.

*North & Fales*, for plaintiff.

CUTTING, J. — It has been settled in *Colburn* v. *Averill*, 30 Maine, 310 that, "where a person, not the payee, writes his name in blank upon the back of a negotiable promissory note, at the time of its inception, it is to be regarded as done for the same consideration with the expressed contract, and he will be holden as an original promisor." And, "if made without date, it is presumed to have been made at the inception of the note."

According to that decision, supported by the numerous authorities there cited, the defendants, Gage and Baker, are jointly liable as original promisors with Jones, unless the words "without demand or notice," written over their signatures, be an exception to the general and well established rule.

A similar question was presented to the Supreme Court

of New York, *Luqueer* v. *Prosser*, 1 Hill, 256, and again to the Court of Errors, 4 Hill, 420, where it was decided, that such language did not change the principle. These two cases are cited by Judge Story, and approved by being incorporated into the text in his Commentaries on the law of Promissory Notes, § 468.     *Defendants defaulted.*

SHEPLEY, C. J., TENNEY, RICE and APPLETON, J. J., concurred.